IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BARBARA THOMPSON**, *et al.*,<br><br>　　　　　　　　　　　　**Plaintiffs**,<br><br>　v.<br><br>**RCX, LLC DBA STADIUM CLUB**, *et al.*,<br><br>　　　　　　　　　　　　**Defendants.** | Case No. 21-cv-3386 (CJN) |

**DEFENDANT RUDOLPH CLINE-THOMAS'S
MOTION TO DISMISS AND BRIEF IN SUPPORT**

Defendant Rudolph Cline-Thomas ("Mr. Thomas"), through his undersigned attorneys, submits this motion to dismiss and brief in support of his motion pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) to dismiss the claims against Mr. Thomas in the December 30, 2021 complaint ("Complaint") filed by Barbara Thompson, Alexis Benton, and Emani Burgess, individually and on behalf of all others similarly situated (collectively, "Plaintiffs"), against RCX, LLC dba Stadium Club ("Stadium Club"), Mr. Thomas, and Breanna Walker (collectively, the "Defendants").

**INTRODUCTION**

Plaintiffs, dancers and entertainers at the Stadium Club in Washington D.C., have alleged that Mr. Thomas, in addition to Stadium Club and Ms. Walker, is liable for wages they claim that they have not been properly paid in accordance with the Fair Labor Standards Act ("FLSA"), the District of Columbia's Wage Payment and Collection Law ("DCWPCL"), and the District of Columbia's Minimum Wage Act ("DCWMWA"). These laws, though, are limited to governing employers and their relationships with their employees. Plaintiffs nonetheless are attempting to drag Mr. Thomas, who had no employer relationship with these individuals, into a litigation over

claims that have no applicability to him, all on the basis of insufficient—and practically non-existent—factual allegations.

Plaintiffs allege substantively only that Mr. Thomas is an owner of the Stadium Club. Plaintiffs provide no facts to justify this conclusion. Even so, as ownership alone would be insufficient to plead Mr. Thomas as an employer, Plaintiffs must provide more factual support to satisfy their pleading requirements, as set out in, *inter alia*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

But Mr. Thomas has never been their employer. And they have no purported facts, other than his alleged ownership interest in the Stadium Club, to support an allegation that he was their employer. Faced with this dilemma, Plaintiffs state in conclusory fashion a laundry list of elements looked at to determine whether an individual or entity is an employer. They do not provide any factual support for these conclusions. At no point does any Plaintiff provide any facts that support their statements of Mr. Thomas's authority or actions regarding club activities. At no point does any Plaintiff describe any interaction with Mr. Thomas that is characteristic of an employer.

All they have are these conclusions. As set forth in *Twombly* and *Iqbal*, however, the mere recitation of buzzwords and key phrases cannot replace facts necessary for a Complaint and missing here.

In an effort to further obfuscate the true nature of each of the named Defendants, Plaintiffs consistently refer to the Defendants as a group. They claim that "Defendants" did this and "Defendants" did that. Plaintiffs hope that failing to provide any particularized allegations will allow their Complaint to last longer than it should by defying the mandates set forth by the Supreme Court of the United States.

This gamesmanship cannot be permitted. Plaintiffs do not have and have not alleged facts giving rise to a reasonable inference that Mr. Thomas is liable for the claims asserted against him. They have provided nothing more than legal conclusions, entitled to no deference by the Court, to claim he is an employer under the applicable laws.

Because of these deficiencies, all claims against Mr. Thomas must be dismissed.

## BACKGROUND

Included herein is a brief summary of the allegations set forth in the Complaint relevant to the Motion.

Plaintiffs, including purported members of the collective action, worked at Stadium Club located at 2127 Queens Chapel Road, NE. Compl., ¶ 10. Both Mr. Thomas and Ms. Walker are alleged to be owners of Stadium Club. Compl., ¶¶ 12, 14. Plaintiffs recite multiple legal conclusions regarding Mr. Thomas's authority vis-à-vis Stadium Club, namely that he "exerted operation and management control over Stadium Club," "controlled and managed the operations at Stadium Club," "controlled the nature, pay structure, and employment relationship of Plaintiffs and the Class Members," "had . . . the authority to hire and fire employees at Stadium Club, the authority to direct and supervise the work of employees, the authority to sign on the business' checking accounts, . . . and the authority to make decisions regarding employee compensation and capital expenditures," and "was responsible for the day-to-day affairs of Stadium Club." Compl., ¶ 13.[1] The Complaint is silent as to the facts behind these conclusory statements.

An earlier collective action against Stadium Club was settled previously. Compl., ¶ 27. Plaintiffs contend that the business practices behind the original collective action have not changed since the settlement occurred. *Id.* In particular, Plaintiffs contend that the FLSA was violated

---

[1] The same laundry list is repeated nearly verbatim with regard to Ms. Walker. Compl., ¶ 15.

3

because they were not paid minimum wage (Compl., ¶¶ 100-106), were charged what they call "kickbacks" to work at Stadium Club (Compl., ¶¶ 107-112), and were forced to share tips with other dancers (Compl., ¶¶ 113-132). Plaintiffs further contend that these same occurrences violated the DCWPCL and DCWMWA. (Compl., ¶¶ 133-137).

## ARGUMENT

I. **Legal Standards**

A motion under FRCP 12(b)(6) is a challenge to whether a plaintiff has sufficiently "state[d] a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

The deference given to Plaintiffs is not unlimited, however. Although a court must accept factual allegations in the complaint as true (*id.*), a plaintiff must provide such factual allegations to survive a motion to dismiss. Plaintiffs cannot rely on "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]" *Id.* Nor is the court "bound to accept as true a legal conclusion couched as a factual allegation." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*

In short, "pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679.

## II.     Plaintiffs Have Failed to Make Any Factual Allegations Against Mr. Thomas

Plaintiffs' lawsuit is under three different statutory schemes aimed at employers to govern their relationships with their employees. Assuming for purposes of this motion that Plaintiffs satisfy the definition of employees under the FLSA, DCWPCL, and DCWMWA, Plaintiffs have nonetheless failed to make any factual showing to permit the Court to make a reasonable inference that Mr. Thomas is such an employer. Because they have failed to meet their pleading burden, the claims against Mr. Thomas must be dismissed.

An employer is defined under the FLSA as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The District of Columbia statutes similarly define an employer. The DCWMA defines an employer as "any individual, partnership, general contractor, subcontractor, association, corporation, business trust, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee." D.C. Code § 32-1002(3). The DCWPCL defines an employer as any "individual . . . employing any person in the District of Columbia[.]" D.C. Code § 32-1301(1B).[2]

Because these definitions provide minimal specifics, courts in this Circuit look to the "economic reality" to determine if a defendant is an employer. *Morrison v. Int'l Programs Consortium, Inc.*, 253 F.3d 5, 11 (D.C. Cir. 2001). To make this determination, courts in this Circuit consider "the totality of the circumstances of the relationship between the plaintiff/employee and defendant/employer to determine whether the putative employer has the power to hire and fire, supervise and control work schedules or conditions of employment,

---

[2] The consistent definition of employer is no surprise, as the District of Columbia's statutes are viewed and interpreted consistently. *See Del Villar v. Flynn Architectural Finishes*, 664 F. Supp. 2d 94, 96 (D.D.C. 2009).

determine rate and method of pay, and maintain employment records." *Del Villar v. Flynn Architectural Finishes*, 664 F. Supp. 2d 94, 96 (D.D.C. 2009).

Plaintiffs demonstrate the ability to make factual allegations where such information exists. Regarding Stadium Club itself, Plaintiffs state that they were "all current and former exotic dancers who worked at . . . Stadium Club" (Compl., ¶ 10). Plaintiffs' Complaint, though, is devoid of any factual allegations to make Mr. Thomas such an employer.

Over 137 paragraphs, the only purported fact asserted against Mr. Thomas is that he "is an owner of Stadium Club." Compl., ¶ 12. "It is not sufficient to allege that [an individual defendant] owned [the employer entity], however, if Plaintiffs were actually employed by the corporate entity operating the [employer]." *Arencibia v. 2401 Restaurant Corp.*, 699 F. Supp. 2d 318, 327 (D.D.C. 2010). Alleging that Mr. Thomas was an owner, then, is insufficient on its own to survive a motion to dismiss.

The Complaint contains no other factual allegations against Mr. Thomas. Instead, Plaintiffs rely on baseless assertions, reciting elements from legal tests for employers while providing no underlying facts to support these legal conclusions.

In the only other paragraph making substantive reference to Mr. Thomas directly, Plaintiffs claim Mr. Thomas "exerted operation and management control over Stadium Club," "controlled and managed the operations at Stadium Club," "controlled the nature, pay structure, and employment relationship of Plaintiffs and the Class Members," "had . . . the authority to hire and fire employees at Stadium Club, the authority to direct and supervise the work of employees, the authority to sign on the business' checking accounts, . . . and the authority to make decisions regarding employee compensation and capital expenditures," and "was responsible for the day-to-day affairs of Stadium Club." Compl., ¶ 13. These, though, are not factual allegations. They are

6

merely recitations of the factors looked at by Courts to determine whether an individual is or isn't an employer; indeed, Plaintiffs themselves list these same factors later in the Complaint when discussing when courts determine individual liability. *See* Compl., ¶ 83 (listing with reference to *Lambert v. Ackerley*, a Ninth Circuit case, "economic control" factors as including "ownership interest, operational control of significant aspects of the day-to-day functions, the power to hire and fire employees, determine salaries, and the responsibility to maintain employment records.").

Plaintiffs do not provide any factual support for their claim that Mr. Thomas could hire or fire employees. Plaintiffs do not provide any factual support for their claim that Mr. Thomas directed or supervised their work. Plaintiffs do not provide any factual support at all for their claim that Mr. Thomas managed Stadium Club. Instead, they ask the Court to accept these recited elements as "facts" deserving of deference. But this list is nothing more than the "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" forbidden by *Iqbal*. *Iqbal*, 556 U.S. at 678. These conclusions "are not entitled to the assumption of truth." *Id.* at 679.

The remainder of the purported facts asserted in the Complaint reference only "Defendants" generally. *See, e.g.*, Compl., ¶ 39 ("Defendants exercised significant control over Plaintiff during her shifts and would demand that Plaintiff stay until late in the morning if she worked."); ¶ 40 ("Defendants set prices for all VIP performances."); ¶ 41 ("Defendants set the daily cover charge for customers to enter the facility and had complete control over which customers were allowed in the facility); ¶ 52 ("Defendants made all hiring decisions regarding wait staff, security, entertainers, managerial and all other employees on the premises." This attempt at crafty pleading was selective; they had no trouble identifying Stadium Club specifically when they had such factual information. *See, e.g.,* Compl., ¶ 51 ("Stadium Club paid for the

buildings used by Stadium Club, maintenance of the facilities, the sound systems, stages, lights, beverages and inventory used at the facilities.") These generalized statements fail to provide any factual support against Mr. Thomas directly, as they seek to group multiple independent actors as one without specifying which of the Defendants did those things. Such statements should not be granted deference. *See, e.g.*, *Morton v. District of Columbia Hous. Auth.*, 720 F. Supp. 2d 1, 9 (D.D.C. 2010) (dismissing claim against individual defendant because Plaintiffs used only the generalized "defendants" in their Complaint).

## CONCLUSION

Because the Plaintiffs have provided nothing more than unsupported recitations of claim elements against Mr. Thomas, thus failing to meet their pleading standards as interpreted by *Twombly* and *Iqbal*, Mr. Thomas respectfully requests that the Court dismiss all claims against him individually.

Dated: March 14, 2022                      Respectfully Submitted,

**CORDATIS, LLP**

By: */s/ William F. Savarino*
     William F. Savarino
     D.C. Bar No. 386706
     Joshua Schnell
     D.C. Bar No. 493409
     1011 Arlington Blvd.
     Suite 375
     Arlington, VA 22209
     (202) 342-2550
     Email: bsavarino@cordatlislaw.com
             jschnell@cordatislaw.com

**TARTER KRINSKY & DROGIN LLP**

By: */s/ Richard L. Steer*
     Richard L. Steer*
     1350 Broadway
     New York, New York 10018

                                                    Tel. (212) 216-8000
                                                    rsteer@tarterkrinsky.com

                                              \* *Pro hac vice* application pending

                                              *Attorneys for Defendant Rudolph Cline-Thomas*

## Certificate of Service

I hereby certify that on March 14, 2022, a true copy of the foregoing was filed and served via the Court's ECF system.

                                                      /s/ William F. Savarino

9